COMP
CRAIG K. PERRY, ESQ.
Nevada Bar No. 3786
CRAIG K PERRY & ASSOCIATES
8010 W Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Telephone (702) 228-4777
Facsimile  (702) 943-7520
Email: info@1stoplaw.com
Attorneys for Plaintiff

David E Harris *KR UA 11-2 Verified Petition Pending*
*Louis J. Cook LR IA 11-2 Verified Petition Pending*
SICO, HOELSCHER, HARRIS & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: (361) 653-3300
Fax: 653-3333
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| RIGOBERTO PLATA MATAMOROS, individually ELSA YANES MATUTE DE PLATA, individually and as the Administrator of the Estate of IVAN ENRIQUE PLATA-YANES, Deceased,<br><br>                        Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, d/b/a/ CHEVROLET, DOES I -V and ROE ENTITIES I-V,<br><br>                        Defendants. | Case No._____<br><br>**COMPLAINT** |

Plaintiff's RIGOBERTO PLATA MATAMOROS, individually, ELSA YANES MATUTE DE

PLATA, individually, and as the Administrator of the Estate of IVAN ENRIQUE PLATA-YANES,

decease, by and through their attorneys of record, Craig K. Perry, David E. Harris and Louis J. Cook

complain against Defendant as follows:

### **GENERAL ALLEGATIONS**

1.1     That at all times relevant hereto, Plaintiffs RIGOBERTO PLATA MATAMOROS (hereinafter "Rigoberto"), ELSA YANES MATUTE DE PLATA, individually, and as the Administrator of the Estate of IVAN ENRIQUE PLATA-YANES (hereinafter "Elsa") and IVAN ENRIQUE PLATA-YANES, deceased, ("Ivan") will hereinafter referred to collectively as "Plaintiffs". Plaintiffs were residents of Clark County, State of Nevada.  Rigoberto and Elsa were the father and mother of Ivan.

1.2     That at all times relevant hereto, Defendant GENERAL MOTORS, LLC ("GM") was doing business in and registered to do business in the state of Nevada. General Motors, LLC is a for-profit Limited Liability Company registered under the laws of Delaware. As a Limited Liability Company, GENERAL MOTORS, LLC is treated as an unassociated entity for subject matter jurisdiction purposes under the Federal Rues of Civil Procedure and the United States Code. As such, GENERAL MOTORS, LLC shares citizenship with all of its members. *Johnson v. Columbia Properties, Lp.,* 437 F.3rd 894, 897 (9th Cir. 2006)(noting numerous federal circuits who have emphasized this well-established rule). Upon information and belief, GENERAL MOTORS, LLC sole members reside in Michigan and Delaware.

1.3     Under the trade name of Chevrolet, GM manufactured, designed, and marketed the 2008 Chevrolet Express GI Van, title number NV008211323 and Vin number 1GCFG15X481125462 ("2008 Chevy Express") that forms the basis of this lawsuit. At all times pertinent to the design, manufacturing, and marketing of the 2008 Chevy Express, GM controlled and owned the Chevrolet brand and all aspects of Chevrolets' business relating to the marketing, design, and/or manufacturing of the 2008 Chevy Express. General Motors, LLC may be served with process through their registered agent in Nevada, **CSC Services of Nevada, Inc. at 2215-B Renaissance Dr., Las Vegas, Nevada 88119.**

1.4     That the identities of the Defendants, DOES I – V and ROE ENTITIES I - V, are unknown at this time and may be individuals, partnerships or corporations or other entities. Plaintiffs allege that each of the Defendants designated herein as DOE is responsible in some manner for the damages herein alleged, including but not limited to the following: the negligent

manufacture, distribution or sale of the 2008 Chevy Express and/or its component parts that failed on Plaintiff's vehicle.  Plaintiffs request leave of the Court to amend this complaint to name the Defendants specifically when their identities become known.

        1.5     That all the facts and circumstances that give rise to the failure of the 2008 Chevy Express. That substantial design, manufacturing and marketing defects in the subject vehicle contributed to the subject collision and injuries and damages of Plaintiffs.

## JURISDICTIONAL FACTS

        2.1     GM manufactured the subject vehicle.

        2.2     GM designed the subject vehicle.

        2.3     GM placed the subject vehicle in the stream of commerce.

        2.4     The subject vehicle intended to and did end up in Nevada

        2.5     The subject accident occurred in Nevada.

        2.6     GM place vehicles into the stream of commerce.

        2.7     GM know their vehicles will reach Nevada.

        2.8     GM serve the Nevada vehicle market.

        2.9     GM conduct business in Nevada.

        2.10     GM have employees who live in Nevada.

        2.11     GM own property in Nevada.

        2.12     GM pay taxes in Nevada.

        2.13     GM have authorized vehicle dealers located in Nevada.

        2.14     GM have authorized vehicle dealers located in Nevada sell GM vehicles to Nevada Customers.

        2.15     GM have authorized vehicle distributors located in Nevada.

        2.16     GM authorized vehicle distributors located in Nevada sell GM vehicles to Nevada customers.

2.17    GM advertises their vehicles in Nevada.

2.18    GM advertised in Nevada from 2002 through 2016.

2.19    GM market their vehicles in Nevada through authorized vehicle distributors.

2.20    GM market their vehicles in Nevada through authorized vehicle dealers.

2.21    GM market their vehicles in Nevada through authorized vehicle dealers from 2002 through 2016.

2.22    GM marketed their vehicles in Nevada through authorized vehicle distributors from 2002 through 2016.

2.23    GM provides warranties for their vehicles in Nevada.

2.24    GM provides warranties for their vehicles in Nevada from 2002 through 2016.

2.25    GM advertises warranties for their vehicles in Nevada from 2002 through 2016.

2.26    GM provide warranties for their GM Chevy Express model vehicles in Nevada from 2002 through 2016.

2.27    GM sell their GM Chevy Express model vehicles in Nevada.

2.28    GM sold their GM Chevy Express model vehicles in Nevada from 2002 through 2016.

2.29    GM delivered their GM Chevy Express model vehicles in Nevada to its authorized vehicle distributors in Nevada.

2.30    GM delivered GM Chevy Express model vehicles in Nevada to its authorized vehicle dealers in Nevada.

2.31    GM delivered GM Chevy Express model vehicles in Nevada to its authorized vehicle distributors in Nevada from 2002 through 2016.

2.32    GM delivered GM Chevy Express model vehicles in Nevada to its authorized vehicle dealers in Nevada from 2002 through 2016.

2.33    GM Chevy Express model vehicles are sold in Nevada.

2.34    GM Chevy Express model vehicles were sold in Nevada from 2002 through 2016.

2.35    GM sold the defective GM Chevy Express vehicle, bearing Vin # 1GCFG15X481125462, at issue in this cause of action in the State of Nevada.

2.36    GM sold the subject vehicle that had substantial handling, glazing, and belt defects, the subject GM Chevy Express vehicle, bearing Vin # 1GCFG15X481125462, in the State of Nevada.

2.37    GM sold the defective the GM Chevy Express vehicle, bearing Vin # 1GCFG15X481125462, at issue in this cause of action in the State of Nevada, and said vehicle was purchased in the State of Nevada.

2.38    GM sold the defective subject vehicle that suffered catastrophic handling, glazing, and belt defects, the GM Chevy Express vehicle, bearing Vin # 1GCFG15X481125462, in the State of Nevada, and said vehicle was purchased in the State of Nevada.

2.39    GM marketed, intended to, and sold the defective subject vehicle that suffered the catastrophic handling, glazing, and belt defects the GM Chevy Express vehicle, bearing Vin # 1GCFG15X481125462, in the State of Nevada, and said vehicle was purchased in the state of Nevada.

2.40    GM from 2002 to 2016 have invoked the jurisdiction of Nevada courts.

2.41    GM from 2002 to 2016 have invoked the jurisdiction of federal courts in Nevada.

2.42    GM from 2002 to 2016 have filed suit in Nevada courts.

2.43    GM from 2002 to 2016 have removed suits to federal courts in Nevada.

2.44    GM from 2002 to 2016 have filed court papers asserting that federal courts in Nevada have jurisdiction over cases in which the GM were a party.

2.45    GM from 2002 to 2016 have moved to transfer suits in courts in Nevada.

2.46    GM from 2002 to 2016 have filed papers asserting that transferee courts in Nevada had jurisdiction over cases in which the GM were a party.

2.47    GM from 2002 to 2016 have filed petitions or appeals seeking review or relief from Nevada appellate courts.

2.48    GM from 2002 to 2016 have filed court papers asserting that Nevada appellate courts had jurisdiction over cases in which GM were a party.

2.49    GM from 2002 to 2016 have answered lawsuits filed in Nevada courts without contesting personal jurisdiction.

2.50    GM is currently involved in litigation other than this case pending in Nevada courts.

2.51    GM is currently in litigation in Nevada answering claims asserting the failure of GM products in Nevada where GM have not raised any challenge to the Nevada's court's personal jurisdiction over the GM in that pending litigation.

2.52    GM has been hauled into court in Nevada to answer claims asserting the failure of GM products in Nevada without raising any challenge to Nevada's personal jurisdiction over the GM.

2.53    GM gathered data in Nevada to monitor their vehicles performance in the State of Nevada.

2.54    GM are registered to do business in Nevada and have a registered agent for service of legal process in Nevada.

2.55    GM hold trademarks that they enforce in Nevada.

2.56    GM have contractual agreements with Nevada companies to use GM trademarks in Nevada.

2.57    GM offer services to help dealers located in Nevada.

2.58    GM help dealers located in Nevada develop their own public internet websites.

2.59    GM allow Nevada dealers to subscribe to content about GM for products for use on their websites.

2.60    GM has disseminated safety recall information through its dealers located in Nevada.

2.61    GM own the websites www.chevorlet.com

2.62    GM has ultimate control and authority of their websites mentioned above in 2.61.

2.63    GM' websites mentioned in 2.61 are accessible in Nevada.

2.64    GM has disseminated safety recall information through their websites mentioned in 2.61 in Nevada.

2.65    GM send notice to Nevada consumers who have registered their vehicles outside of GM websites.

2.66    GM websites mentioned in 2.61 have a link describing vehicles subject to recall.

2.67    GM websites mentioned in 2.61 have a link through which Nevada consumers may locate and replace GM vehicles.

2.68    GM websites mentioned in 2.61 have a link through which Nevada consumers may locate a vehicle dealer.

2.69    GM have issued technical service bulletins to Nevada dealers.

2.70    GM have issued technical service bulletins to Nevada dealers on a variety of subjects.

2.71    GM websites mentioned in 2.61, which are accessible in Nevada have information where Nevada consumers can learn about Nevada vehicle dealers that sell the GM vehicles.

## JURISDICTION AND VENUE

3.1    The amount of damages in this case well exceeds $75,000.00 and complete diversity exist between the Plaintiff, a citizen of Nevada, and General Motors, LLC, a citizen of both Delaware and Michigan. Therefore, this Court has proper subject matter jurisdiction under 28 U.S.C.A. § 1332(a).

3.2    The accident that lead to the severe injuries and eventual death of Ivan Enrique Plata-Yanes occurred in Clark County, Nevada, a county within the Judicial District of this Court. Therefore, venue is proper under 28 U.S.C.A. § 1391(b)(2) since a substantial part of the events giving rise to this lawsuit occurred within the District of Nevada, Las Vegas Division.

3.3    The Plaintiffs specifically incorporate paragraphs 2.1 through 2.71. This Court has personal jurisdiction over the defendants, because they are authorized to and do conduct business in the State of Nevada and have sufficient contacts with the State of Nevada, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them is proper.

## BACKGROUND

4.1    On April 22, 2016 while driving southbound on U.S. 95 around 5:00 p.m. Ivan Plata Yanes 2008 Chevy Express GI Vin # 1GCFG15X481125462 lost control and rolled over. Due to the substantial and dangerous defects in the subject 2008 Chevy Express, Ivan was ejected, severely injured, and died later that day. Ivan's injuries and eventual death were a direct and proximate result of the dangerous defects in the subject 2008 Chevy Express.

4.2    The Plaintiffs, and each of them, suffered general and specific damages in an amount in excess of $10,000.  They have been required to retain the services of an attorney to seek fair and proper compensation.

# FIRST CLAIM FOR RELIEF

## PRODUCTS LIABILITY – DESIGN DEFECT – GENERAL MOTORS, LLC

5.1     Plaintiffs restate the allegations set forth in paragraphs 1 through 4.2 of above as though fully set forth herein.

5.2     The 2008 Chevy Express in question was originally designed, manufactured and sold by Defendant GM under the tradename of Chevrolet.

5.3     At the time the vehicle in question was sold, GM was in the business of designing, manufacturing and selling vehicles such as the one in question.

5.4     At the time the vehicle in question was designed, manufactured, and sold by GM, it was defective in design and unreasonably dangerous as designed.  The defective and unreasonably dangerous condition of the 2008 Chevy Express was a producing cause of the injuries and damages to the Plaintiffs.

5.5     The defects regarding the 2008 Chevy Express at issue include, but are not limited to, the vehicle's poor occupant protection system that failed to protect, restrain and contain Ivan in a foreseeable rollover event, the poor handling characteristics of the vehicle, improper and inadequate seatbelts, and improper glazing installed on windows and windshield of the vehicle.

5.6     There were safer alternative designs other than the ones used, which were economically and technologically feasible and would have prevented or significantly reduced the risk of accident and/or injury in question without substantially impairing the vehicle's utility. Specifically, GM could have equipped the vehicle with safer alternative stability and rollover resistance designs to the vehicle in question, a safer seatbelt and glazing system, and a safer occupant restraint package to prevent occupants, such as Ivan Enrique Plata-Yanes, from being ejected during a roll sequence. These safer alternative designs were available in the market and were technologically and economically feasible at the time the 2008 Chevy Express was manufactured and would not have impaired the utility of the vehicle.

5.7     Further, at the time the vehicle in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of such vehicles.  The defective and unreasonably dangerous design of the vehicle was a

producing cause of the injuries and damages of Plaintiffs, and the untimely death of Ivan Enrique Plata-Yanes.

5.8    At the time of the accident, the vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce.  No material alterations were made to the vehicle.  At the time of the accident, the vehicle was in the same or substantially similar condition as when it left the control of GM.

5.9    No mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government were applicable to the 2008 Chevy Express at the time it was manufactured that governed any product risk that caused the accident and/or injuries to Plaintiffs.  To the extent that GM attempts to rely on any standards or regulations of the federal government, such standards or regulations were inadequate and/or GM withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

## SECOND CLAIM FOR RELIEF

### PRODUCT LIABILITY – WARNING DEFECT – GENERAL MOTORS, LLC

6.1    Plaintiffs restate the allegations set forth in paragraphs 1-5.9 as though fully set forth herein.

6.2    At the time the 2008 Chevy Express at issue was designed, manufactured, and sold by GM, it contained defects that rendered it unreasonably dangerous. These defects include but are not limited to, the vehicle's poor occupant protection system that failed to protect, restrain, and contain Ivan Enrique Plata-Yanes in the foreseeable rollover event, the poor handling characteristics of the vehicle, improper and inadequate seatbelts, and improper glass and/or glazing installed on the windows and windshield of the vehicle.

6.3    Based upon the nature of these dangerous defects, GM failed to provide adequate warnings to the plaintiff in order to suitably communicate the dangers relating to the defects in the 2008 Chevy Express to the Plaintiffs. Given the magnitude of the risk, GM failed to provide

warnings as to the 2008 Chevy Express's defects that would reasonably catch the consumers attention, be comprehensible and provide a fair indication of the specific risk of the defective restraint, handling, windshield, windows, and seatbelt systems.

6.4     GM's failure to warn the plaintiffs of these dangers is a producing cause of Ivan's death and the injuries and damages of the Plaintiffs.

## THIRD CLAIM FOR RELIEF

### PRODUCT LIABILITY – MANUFACTUERING DEFECT – GENERAL MOTORS, LLC

7.1     Plaintiffs restate the allegations set forth in paragraphs 1 through 6.4 as though fully set forth herein.

7.2     At the time the 2008 Chevy Express at issue was designed and manufactured by GM, it contained defects that rendered it more dangerous under the circumstances than an ordinary user in the community would expect. Specifically, an ordinary driver of the 2008 Chevy Express would reasonably expect sufficient restraint, handling, glazing, and seatbelt systems to prevent driver ejection during the crash sequence.

7.3     These defects existed at the time the subject 2008 Chevy Express was designed, manufactured, and placed into the stream of commerce by GM.

7.4     These manufacturing defects by GM deviated from GM's intended design of the subject 2008 Chevy Express, and in doing so, lead to the catastrophic failure of the 2008 Chevy Express restraint, handling, and seatbelt systems. These manufacturing defects were a producing cause of Ivan's untimely death and the Plaintiffs damages.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENCE – GENERAL MOTORS, LLC

8.1     Plaintiffs restate the allegations set forth in paragraphs 1 through 7.4 as though fully set forth herein.

8.2     GM committed acts of omission and commission, which collectively constituted negligence, which were a proximate cause of the injuries and damages of Plaintiffs.

8.3     GM's acts of negligence include the following:

- Negligently designing the vehicle from handling and stability standpoint;
- Negligently designing the vehicle with defective restraint systems;
- Negligently designing the vehicle from a seatbelt standpoint;
- Negligently designing the vehicle from an occupant protection standpoint;
- Negligently designing the vehicle from an occupant containment standpoint;
- Negligently designing the vehicle from a window and windshield standpoint;
- Negligently failing to test the vehicle to ensure the design provides reasonable occupant protection and occupant containment in the event of a foreseeable rollover;
- Negligently testing the vehicle's occupant protection systems;
- Negligently failing to test the handling, restraint, window, windshield, and seatbelt systems in the vehicle;
- Negligently testing the handling, restraint, window, windshield, and seatbelt systems in the vehicle;
- Failing to adequately train and assist dealers in the dangers associated with the vehicles;
- Failing to disclose known problems and defects;
- Failing to meet or exceed internal corporate guidelines;
- Failing to inform the consumer, including the Plaintiffs, of information that GM knew about inadequate occupant protection, seatbelt systems, window and windshield, and handling systems for a properly restrained passenger in the event of a foreseeable rollover event in the 2008 Chevy Express thus depriving the Plaintiffs of the right to make a conscious and free choice;

- ▪ Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable occupant protection in a rollover; and
- ▪ Failing to notify consumers, after the sale of the vehicle, that a defect exists in the vehicle that relates to the vehicle's safety.

### FIFTH CLAIM FOR RELIEF

### OPPRESSION, FRAUD, AND/OR MALICE – GENERAL MOTORS, LLC

9.1     Plaintiffs restate the allegations set forth in paragraphs 1 through 8.3 above as though fully set forth herein.

9.2     GM acted with oppression, fraud, and/or malice, express or implied, including without limitation despicable conduct engaged in with a conscious disregard of the rights or safety of others, which was a proximate cause of the injuries to Plaintiffs, and for which Plaintiffs are entitled to recover exemplary and/or punitive damages.

### SIXTH CLAIM FOR RELIEF

### GROSS NEGLIGENCE – GENERAL MOTORS, LLC

10.1     Plaintiffs restate the allegations set forth in paragraphs 1 through 9.2 above as though fully set forth herein.

10.2     The wrong done by GM, in introducing an unreasonably dangerous and defective product into the stream of commerce, and continuing to design, manufacture, and market defective vehicles, even after learning of their potential for serious injury and/or death, was aggravated by the kind of gross negligence and callous disregard for which the law allows the imposition of exemplary damages.

10.3     GM knew of unique dangers possessed by the subject vehicle, including its propensity to lose control, failing to maintain stability and rollover, and inadequate restraint and glazing systems. Furthermore, GM knew of unique dangers poised by the subject vehicle including its inability to prevent occupants from being ejected during a foreseeable rollover event. GM intended to perform acts that they knew, or should have known, would very probably cause harm.

10.4    GM's conduct, when viewed objectively from defendant's standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and GM were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

10.5    GM's acts of omission and commission, which collectively and severally constitute gross negligence, were proximate causes of the accident and injuries sustained by the Plaintiffs.

10.6    GM acted with malice, express or implied, including without limitation despicable conduct engaged in with a conscious disregard of the rights or safety of others, which was a proximate cause of the injuries to Plaintiffs, and for which Plaintiffs are entitled to recover exemplary and/or punitive damages.

## FIRST CAUSE OF ACTION

### (Strict Liability)

11.1    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 10.6 inclusive, as fully set forth in this Cause of Action.

11.2    GENERAL MOTORS, LLC and Does I-V and Roe Entities I-V (all hereinafter referred to collectively as "Defendants") and the other named Defendants, at all times relevant herein, were engaged in the business of manufacturing, assembling, distributing, selling, repairing and marketing the defective subject 2008 Chevy Express which ultimately resulted in the Plaintiffs injuries and damages. Defendants, at all times relevant herein, intended that the subject 2008 Chevy Express be sold. At all times herein mentioned, said Defendants knew that the vehicle would travel on highways and be subject to rollover and/or crash.

11.3    Defendants knew that their products, including the 2008 Chevy Express would be purchased and used by members of the public without inspection for defects.

11.4    At all times mentioned herein the handling, restraint, belt, window and windshield systems along with their component parts, were defective in design, in manufacture, and due to a failure to warn of the dangers inherent in said product and failure to provide adequate instructions regarding the avoidance of such hazards. Said defects rendered the subject 2008 Chevy Express unreasonably dangerous for its intended and foreseeable use.

11.5     The defects and unreasonably dangerous conditions of the 2008 Chevy Express and its components parts existed when the subject vehicle left said Defendant's possession and control.

11.6     That on April 22, 2016, while Ivan Plata-Yanes was traveling southbound on U.S. 95, the vehicle began to roll, the handling, restraint, belt, window and windshield systems failed and thereby causing plaintiffs to suffer injuries.

11.7     The defects mentioned above, at all times herein relevant, being used in a manner intended by Defendants, and in a manner that was reasonably foreseeable to said Defendants.

11.8     The defects in the subject 2008 Chevy Express and its component parts and the failure to warn and instruct as alleged hereinabove, were each a direct, proximate and legal cause of the injury and damages suffered by Plaintiffs.

11.9     As a direct, legal and proximate result of the defective and dangerous condition of the subject 2008 Chevy Express, Plaintiffs have suffered general and specific damages. These damages include, but are not limited to, extreme grief, sorrow, loss of companionship, society, and comfort as well as pecuniary loss. These damages are in an amount in excess of $75,000.

## SECOND CASE OF ACTION

### (General Negligence)

12.1     Plaintiffs, re-allege and incorporate by reference Paragraphs 1 through 11.9, inclusive as if fully Set forth in this Cause of Action.

12.2     Defendants are and at all times herein mentioned were, engaged in the business of assembling, distributing, and/or selling 2008 Chevy Express vans. As a part of said defendants' business, Defendants distributed and sold the subject vehicle, its system and component parts, that was being used by the deceased, Ivan Plata-Yanes on April 22, 2016 as alleged herein above.

12.3     Defendants owed a duty to users of the subject 2008 Chevy Express and the general public, including Plaintiffs, to exercise reasonable care to properly produce, assemble, inspect, supply, distribute, market, package, label, warn, recall, retrofit, advertise, and/or sell said vehicle and its component parts, and/or absent the exercise of such reasonable care, to refrain from introducing same into the stream of commerce.

12.4   Said Defendants, distributed, advertised, and sold the 2008 Chevy Express and knew, or in the exercise of ordinary care should have known, that the 2008 Chevy Express would be used on highways, rough dirt roads, trails, hills, bumps, and uneven paths and that during the use the 2008 Chevy Express they would be subject to crashing, falling, sliding, overturning, and/or otherwise hitting, striking, contacting, or impacting the ground and/or pavement.

12.5   Said Defendants violated and breached their legal duty of due care and were negligent in the distribution, advertisement, and sale of the 2008 Chevy Express, said negligence including, but not limited to, unreasonably distributing and selling the 2008 Chevy Express with components that were made with inadequate, improper, and unsuitable materials, and secured and designed in such a manner that would cause the Plaintiffs injuries.

12.6   Said Defendants were further negligent in that they unreasonably failed to give adequate or proper warnings or instructions to purchasers and users of the subject 2008 Chevy Express including the Plaintiffs, of the hazards and dangers inherent in the design of the subject vehicle as to not cause Plaintiffs injuries.

12.7   Said Defendants were further negligent in that they unreasonably failed to recall, repair, or retrofit the subject 2008 Chevy Express to make other appropriate post-marketing efforts or prevent injury due to the failure of the seatbelt, restraint, handling, window and windshield systems during intended, ordinary and foreseeable use, including during crashes, falls, slides, and overturning of plaintiff's vehicle, as alleged above.

12.8   Said Defendants' negligence was a direct, legal, and proximate cause of injury and damages, suffered by Plaintiffs.

12.9   As a direct, legal and proximate result of said Defendants' negligence as alleged above, Ivan Plata-Yanes was severely injured and later died, leaving his parents Rigoberto and Elsa without a son. As a direct, legal and proximate result of defendants' actions alleged above, Ivan Plata-Yanes suffered severe injuries in which he underwent significant pain and suffering before Ivan's untimely death. Rigoberto and Elsa were caused to suffer extreme grief, sorrow, loss of companionship, society, and comfort. The general damage in an amount in excess of $75,000.

12.10   As a direct, legal and proximate result of said Defendants' negligence as alleged above, Ivan before his death was required to and did employ physicians and other medical personnel, Ivan incurred costs and expenses for medical care, treatment, medications, emergency services, medical supplies, and related expenses.

12.11   As a direct, legal, and proximate result of said Defendants' negligence as alleged above, Plaintiffs have been caused to incur pecuniary losses.

12.12   As a direct, legal and proximate result of said Defendants' negligence as alleged above, Plaintiffs have suffered economic damages.

12.13   By reason of the foregoing, Defendants are liable in tort to Plaintiffs for the general and specific damages sustained by Plaintiffs as alleged herein.

## THIRD CAUSE OF ACTION

### (Breach of Warranties)

13.1   Plaintiffs, re-alleges and incorporates by reference Paragraphs 1 thought 12.13, inclusive as if fully Set forth in this Cause of Action.

13.2   At all times alleged herein, Defendants and each of them, expressly and/or impliedly warranted that the subject 2008 Chevy Express and its component parts, were in all respects fit for the ordinary purpose for which they were intended, and were therefore merchantable.

13.3   Notwithstanding such warranties, the 2008 Chevy Express and its component parts, were not fit for the ordinary purposes for which they were intended, and were not merchantable, and were not safe for their intended purpose and foreseeable use, and were therefore dangerous as alleged in the incorporated paragraphs of this Complaint as set forth above.

13.4   As a direct, proximate, and legal result of the breaches of said warranties by said defendants, and each of them, Plaintiffs were injured and damaged as alleged hereinabove.

13.5   As a direct, legal and proximate result of defendants' breaches of warranties as alleged above, Ivan Plata-Yanes suffered severe injuries in which he underwent significant pain and suffering before Ivan's untimely death. Rigoberto and Elsa were caused to suffer extreme grief, sorrow, loss of companionship, society, and comfort. All of the Plaintiffs general damages.

13.6    As a direct, legal, and proximate result of said defendants' breach of warranties as alleged above, Plaintiffs were required to and did employ physicians and other medical personnel before Ivan Plata-Yanes untimely death.

13.7    As a direct, legal, and proximate result of defendants' breach of warranties as alleged above, Plaintiffs have been caused to incur loss of income past and future, and loss of earning capacity.

13.8    As a direct, legal, and proximate result of said defendants' breach of warranties as alleged above, plaintiffs suffered economic and pecuniary damages, including but not limited to loss of income.

13.9    By reason of the foregoing, Defendants, and each of them, are liable for the injuries and damages sustained by Plaintiffs as alleged herein, due to the breach of express and/or implied warranties.

## PUNITIVE DAMAGES

14.1    Plaintiffs incorporate paragraphs 1 through 13.9 above, and allege that Defendants are liable for exemplary and/or punitive damages. Plaintiffs, allege that said Defendants, and each of them acted with malice, fraud, and/or oppression in the sale, distribution, failure to warn, and/or failure to recall the Subject 2008 Chevy Express and its component parts, entitling the plaintiffs to exemplary and punitive damages against said Defendants.   The acts of said Defendants were intentional, willful, and despicable misconduct.

14.2    Said Defendants and their officers, directors, and managing agents, knew at all relevant times before April 22, 2016 that the subject 2008 Chevy Express and tits components parts were defective and/or unreasonably dangerous. Upon further information and belief, said Defendants and their officers, directors and managing agents knew that the subject 2008 Chevy Express sold to Plaintiffs and its component parts were unreasonably dangerous and defective for their intended purpose and/or foreseeable use by Plaintiffs and other members of the public.

14.3    Said Defendants and their officers, directors, and managing agents, knew that the Subject 2008 Chevy Express and its component parts were unreasonably dangerous and defective for their intended purpose and/or foreseeable use by Plaintiffs or other members of the public,

because Defendants know and/or had notice that the subject 2008 Chevy Express and its component parts, and similar products, had failed to perform safely in test, simulations, investigations, and/or studies conducted by or on behalf of said defendants, and each of them.

14.4    Said Defendants and their officers, directors, and managing agents, knew that the subject 2008 Chevy Express and its component parts were dangerous and defective for their intended purpose and/or foreseeable use by Plaintiffs and other members of the public, because Defendants knew and/or had notice that said 2008 Chevy Express and its component parts, or similar products, had failed to perform safely in test, simulations, investigations, and/or conducted by other, including private and public entities and individuals.

14.5    Said Defendants and their officers, directors, and managing agents, knew that the subject 2008 Chevy Express and its component parts were unreasonably dangerous and defective for their intended purpose and/or foreseeable use by Plaintiffs and other members of the public. Because Defendants knew and/or had notice that the subject 2008 Chevy Express and its component parts, and similar products, had failed to perform safely in other situations and accidents similar to that involved in the instant case.

14.6    Said Defendants and their officers, directors, and managing agents, knew that the subject 2008 Chevy Express and their component parts were unreasonably dangerous and defective for their intended purpose and/or foreseeable use by Plaintiffs and other members of the public, because of prior complaints of other similar accidents, incidents, injuries, or deaths from purchasers of other 2008 Chevy Express vans and their component parts, and similarly designed products.

14.7    Said Defendants and their officers, directors, and managing agents, acted in conscious and willful disregard of Plaintiffs' safety and other members of the public by failing to properly or adequately test the subject 2008 Chevy Express and its component parts.

14.8    Despite said knowledge on the part of said Defendants, and their officers, directors, and managing agents, as alleged above, Defendants, with conscious disregard for the rights, and safety and well-being of Plaintiffs and other members of the public, marketed, sold, purveyed and/or distributed the 2008 Chevy Express and its component parts for use by the public. Said

Defendants, and their officers, directors, and managing agents, further marketed, sold, purveyed, and/or distributed said 2008 Chevy Express and its component parts, without alerting, advising, warning, or otherwise adequately informing purchasers and/or users of said 2008 Chevy Express and its component parts of their dangerous and defective nature and/or character. Said Defendants and their officers, directors, and managing agents, failed to alert, advise, warn other otherwise adequately inform purchasers and/or users of said 2008 Chevy Express and its component parts dangerous and defective character, knowing that said product would not be and/or were not likely to be, examined or inspected for defects by their purchasers and/or users.

14.9     That by failing to so alert, advise, warn or adequately inform purchasers or users of the dangerous and defective nature and/or character of said 2008 Chevy Express and its component parts, said Defendants and their officers, directors, and managing agents, warranted and represented that said 2008 Chevy Express and its component parts were safe and suitable for the intended purpose and use by Plaintiffs and other members of the public. As a direct, proximate and legal result thereof, Defendant's 2008 Chevy Express rolled over and failed to properly prevent Ivan Plata-Yanes from being ejected from the vehicle. The Plaintiffs used the subject 2008 Chevy Express for its intended purpose, and Plaintiffs thereby suffered personal injuries and damages.

14.10    Said Defendants and their officers, directors, and managing agents, acted in the manner described above and/or failed to take the actions mentioned above, for reasons of economic gain, and to save money and increase their business profits. If Defendants had taken actions to improve and/or make their product safe, said acts would have costs them money. However, upon information and belief, Defendants consciously, willfully and wantonly decided that their profits were more valuable and important than human suffering and life.

14.11    That, in doing the acts herein alleged, said Defendants and their officers, directors, and managing agents, directly, and in authorizing and ratifying the conduct of each of them, acted despicably and with a willful and conscious disregard of others and are liable for exemplary and punitive damages.  Plaintiffs are therefore entitled to an award of exemplary and punitive damages against said defendants.

WHEREFORE, Plaintiff pray the judgment against defendants, and each of them, as follows:

1.    For general damages sustained by Plaintiffs in an amount in excess of $75,000;

2.    For special damages sustained by Plaintiff in excess of $75,000;

3.    For exemplary and/or punitive damages sustained by Plaintiff in excess of $75,000;

4.    For reasonable attorney's fees and costs of suit;

5.    For Wrongful Death damages allowed to the Plaintiff under Nevada law;

6.    For interest of the statutory rate, and

7.    For each other relief as the Court deems just and proper.

DATED this _16th_ day of February, 2017.

CRAIG K. PERRY & ASSSOCIATES

Craig K. Perry, Esq.
Nevada Bar No. 003786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 943-7520 Fax
cperry@craigperry.com
Attorneys for Plaintiff

-21-