Kelly A. Evans
Nevada Bar No. 7691
Jay J. Schuttert
Nevada Bar No. 8656
Alexandria L. Layton
Nevada Bar No. 14228
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
kevans@swlaw.com
jschuttert@swlaw.com
alayton@swlaw.com

*Attorneys for Defendant*
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGOBERTO PLATA MATAMOROS, individually, ELSA YANES MATUTE DE PLATA, Individually and as the Administrator of the Estate of IVAN ENTIQUE PLATA-YANES, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS,LLC, d/b/a CHEVROLET, DOES I-V and ROE ENTITIES I-V,<br><br>Defendants. | Case No. 2:17-cv-00578<br><br>**DEFENDANT GENERAL MOTORS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**\*JURY DEMANDED\*** |

General Motors LLC ("GM LLC") answers and asserts its defenses to Plaintiffs' Complaint as follows:

GM LLC denies each and every allegation of Plaintiffs' Complaint, except those allegations that are specifically admitted, qualified, or otherwise answered.

**GENERAL ALLEGATIONS**

1.  Answering paragraph 1.1 of the Complaint, GM LLC is without sufficient

information or knowledge to admit or deny the allegations contained therein, and therefore denies them.

2. Answering paragraph 1.2 of the Complaint, GM LLC admits it is registered to do business in the state of Nevada. GM LLC further admits it is a limited liability company registered under the laws of Delaware with its principal place of business in Michigan. As to the remaining allegations in paragraph 1.2 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, GM LLC denies the allegations contained therein.

3. Answering paragraph 1.3 of the Complaint, to the extent any alleged conduct, statement, or actions occurred or documents were created on or before July 10, 2009, responses in GM LLC's Answer related thereto shall mean and are intended to mean solely "Motors Liquidation Company," previously known as General Motors Corporation. GM LLC admits that prior to July 10, 2009, General Motors Corporation designed in part, manufactured in part (including relevant inspection and testing), assembled into final form, marketed and distributed various motor vehicles, including the 2008 Chevrolet Express at issue. GM LLC admits that since July 10, 2009, GM LLC designs in part, manufactures in part, markets and distributes motor vehicles to independent authorized dealers for ultimate sale to retail consumers, but denies the same with respect to the 2008 Chevrolet Express at issue in this case. Although as set forth herein GM LLC admits certain facts about General Motors Corporation's acts, conduct, or knowledge before July 10, 2009, based on GM LLC's current knowledge, GM LLC does not intend such admissions to imply or suggest that GM LLC is responsible for any acts, conduct, or knowledge of General Motors Corporation, or that such acts, conduct, and knowledge of General Motors Corporation can be imputed to GM LLC. GM LLC's responses to the allegations in Plaintiffs' Complaint are not intended to alter, modify, expand, or otherwise affect any provision of the July 5, 2009 Sale Order that was issued by the U.S. Bankruptcy Court for the Southern District of New York, or the rights, protections, and responsibilities of GM LLC under the Sale Order.

GM LLC admits that it may be served with process through its registered agent, CSC Services of Nevada, Inc. at 2215-B Renaissance Dr., Las Vegas, Nevada 89119.

4.     Answering paragraph 1.4 of the Complaint, GM LLC asserts that it is not required to respond to the allegations contained therein as they are not directed at the acts or conduct of GM LLC. To the extent any response is required, GM LLC denies the allegations contained therein.

5.     Answering paragraph 1.5 of the Complaint, GM LLC denies each and every allegation contained herein.

### JURISDICTIONAL FACTS

6.     Answering paragraphs 2.1 through 2.71 of the Complaint, GM LLC admits it is a Delaware limited liability corporation and that its principal place of business is in Michigan. Without admitting Plaintiffs' assertions regarding jurisdiction and venue, GM LLC states that it does not contest personal jurisdiction being exercised over it by this Court, or venue, for purposes of this lawsuit only. However, GM LLC denies that it is "at home" in Nevada and denies that it is subject to the general jurisdiction of this Court.

### JURISDICTION AND VENUE

7.     Answering paragraph 3.1 through 3.3, GM LLC admits it is a Delaware limited liability corporation and that its principal place of business is in Michigan. Without admitting Plaintiffs' assertions regarding jurisdiction and venue, GM LLC states that it does not contest personal jurisdiction being exercised over it by this Court, or venue, for purposes of this lawsuit only. However, GM LLC denies that it is "at home" in Nevada and denies that it is subject to the general jurisdiction of this Court.

### BACKGROUND

8.     Answering paragraphs 4.1 through 4.2 of the Complaint, GM LLC is without sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies them.

### FIRST CLAIM FOR RELIEF

### PRODUCTS LIABILITY – DESIGN DEFECT – GENERAL MOTORS, LLC

9.     GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

10. Answering paragraphs 5.2 and 5.3 of the Complaint, GM LLC incorporates by reference its response to paragraph 1.3 of the Complaint. To the extent a further response is necessary, GM LLC denies each and every allegation contained herein.

11. Answering paragraphs 5.4 through 5.5 of the Complaint, GM LLC denies each and every allegation contained herein.

12. Answering paragraph 5.6 of the Complaint, GM LLC is without sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies them.

13. Answering paragraph 5.7 through 5.8 of the Complaint, GM LLC is without sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies them.

14. Answering paragraph 5.9 of the Complaint, GM LLC denies each and every allegation contained herein.

## SECOND CLAIM FOR RELIEF

## PRODUCTS LIABILITY – WARNING DEFECT – GENERAL MOTORS, LLC

15. Answering paragraph 6.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

16. Answering paragraphs 6.2 through 6.4 of the Complaint, GM LLC denies each and every allegation contained herein.

## THIRD CLAIM FOR RELIEF

## PRODUCTS LIABILITY – MANUFACTURING DEFECT – GENERAL MOTORS, LLC

17. Answering paragraph 7.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

18. Answering paragraphs 7.2 through 7.4 of the Complaint, GM LLC denies each and every allegation contained herein.

## FOURTH CLAIM FOR RELIEF

## NEGLIGENCE – GENERAL MOTORS, LLC

19. Answering paragraph 8.1 of the Complaint, GM LLC repeats and incorporates by

reference its responses to all preceding paragraphs as though fully set forth herein.

20.     Answering paragraphs 8.2 through 8.3 of the Complaint, GM LLC denies each and every allegation contained herein.

## FIFTH CLAIM FOR RELIEF

### OPPRESSION, FRAUD, AND/OR MALICE – GENERAL MOTORS, LLC

21.     Answering paragraph 9.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

22.     Answering paragraph 9.2 of the Complaint, GM LLC denies each and every allegation contained herein.

## SIXTH CLAIM FOR RELIEF

### GROSS NEGLIGENCE – GENERAL MOTORS, LLC

23.     Answering paragraph 10.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

24.     Answering paragraphs 10.2 through 10.6 of the Complaint, GM LLC denies each and every allegation contained herein.

## FIRST CAUSE OF ACTION

### (Strict Liability)

25.     Answering paragraph 11.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

26.     Answering paragraph 11.2 of the Complaint, GM LLC incorporates by reference its response to paragraph 1.3 of the Complaint.  To the extent a further response is necessary, GM LLC denies each and every allegation contained herein.

27.     Answering paragraph 11.3 of the complaint, this is a legal conclusion to which no response is required.  To the extent any response is required, GM LLC denies the allegations contained therein.

28.     Answering paragraphs 11.4 through 11.5 of the Complaint, GM LLC denies each and every allegation contained herein.

29.     Answering paragraphs 11.6 through 11.7 of the Complaint, GM LLC is without

sufficient information or knowledge to admit or deny the allegations contained therein, and therefore denies them.

30. Answering paragraphs 11.8 through 11.9 of the Complaint, this is a legal conclusion to which no response is required. To the extent any response is required, GM LLC denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (General Negligence)

31. Answering paragraph 12.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

32. Answering paragraph 12.2 of the Complaint, GM LLC incorporates by reference its response to paragraph 1.3 of the Complaint. To the extent a further response is necessary, GM LLC denies each and every allegation contained herein.

33. Answering paragraphs 12.3 through 12.4 of the Complaint, these are legal conclusions to which no response is required. To the extent any response is required, GM LLC denies the allegations contained therein.

34. Answering paragraphs 12.5 through 12.13 of the Complaint, GM LLC denies each and every allegation contained herein.

## THIRD CAUSE OF ACTION

### (Breach of Warranties)

35. Answering paragraph 13.1 of the Complaint, GM LLC repeats and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

36. Answering paragraph 13.2 of the Complaint, this is a legal conclusion to which no response is required. To the extent any response is required, GM LLC denies the allegations contained therein.

37. Answering paragraphs 13.3 through 13.9 of the Complaint, GM LLC denies each and every allegation contained herein.

## PUNITIVE DAMAGES

38. Answering paragraph 14.1 of the Complaint, GM LLC repeats and incorporates by

reference its responses to all preceding paragraphs as though fully set forth herein. GM LLC denies each and every allegation contained herein.

39. Answering paragraph 14.2 through 14.11, GM LLC denies each and every allegation contained herein.

In response to Plaintiffs' prayer for relief, GM LLC respectfully submits that Plaintiffs are not entitled to any such relief.

**ADDITIONAL DEFENSES**

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, GM LLC alleges as follows:

FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to state a claim against GM LLC upon which relief can be granted.

SECOND ADDITIONAL DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by acts, omissions, and/or negligence of a third party or parties for whose acts GM LLC is not liable or responsible and over whom GM LLC had no control.

THIRD ADDITIONAL DEFENSE

If Plaintiffs sustained losses as alleged in the Complaint, such losses were the result of one or more intervening, superseding causes, and therefore any alleged action or conduct on the part of GM LLC was not the proximate and/or actual cause of Plaintiffs' alleged injuries.

FOURTH ADDITIONAL DEFENSE

Any liability that might be imposed on GM LLC is subject to reduction or apportionment by application of comparative negligence principles.

FIFTH ADDITIONAL DEFENSE

If Plaintiffs sustained any of the injuries, losses and/or damages as alleged in the Complaint, then such injuries, losses and/or damages were directly and proximately caused, in whole or in part, by Plaintiffs' failure to exercise due care and/or diligence.

SIXTH ADDITIONAL DEFENSE

GM LLC was not negligent and did not violate any duty owed to the Plaintiffs.

SEVENTH ADDITIONAL DEFENSE

To the extent Plaintiffs have settled or in the future settles with any person or entity concerning the damages alleged in the Complaint, GM LLC's liability, if any, should be reduced accordingly.

EIGHTH ADDITIONAL DEFENSE

Any liability that might otherwise be imposed on GM LLC is subject to reduction to the extent that Plaintiffs failed to mitigate their damages.

NINTH ADDITIONAL DEFENSE

The product at issue was neither dangerous nor defective, was of merchantable quality, and was fit and safe for its intended use at the time of its design and manufacture.

TENTH ADDITIONAL DEFENSE

The methods, standards, and techniques used in designing, manufacturing and marketing the product at issue and issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.  The product at issue was not an unreasonably dangerous or defective product given the state of knowledge about such products, and therefore Plaintiffs' strict liability claims are barred.

ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred or reduced, in whole or in part, to the extent that at all times relevant to Plaintiffs' allegations, the subject vehicle was in compliance with all statutes, regulations and other laws in effect at the time of the conduct allegedly giving rise to the Plaintiffs' claims.

TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to the limitations set forth in unavoidably dangerous product defense stated in Restatement (Second) of Torts § 402A, comment k.

## THIRTEENTH ADDITIONAL DEFENSE

Liability is precluded because the public interest, benefit and availability of the product at issue outweighs its risk, if any, and those risks were unavoidable given the state of knowledge at the relevant time.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred and/or reduced because they knew the consequences associated with the use of the product before using it and thereby assumed the risk of the occurrence of any alleged adverse risks and/or consequences.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are subject to the limitations set forth in the Restatement (Third) of Torts: Products Liability.

## SIXTEENTH ADDITIONAL DEFENSE

If Plaintiffs have sustained injuries as alleged in the Complaint, such injuries were proximately caused by Plaintiff's misuse of the product at issue.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent Plaintiff suffered from a pre-existing and/or related condition that was the actual and proximate cause of their injuries.

## EIGHTEENTH ADDITIONAL DEFENSE

GM LLC asserts the following additional defenses to Plaintiffs' claim for punitive damages:

1. The claim of Plaintiffs for punitive damages against GM LLC cannot be sustained because an award of punitive damages under Nevada law without proof of every element beyond a reasonable doubt would violate GM LLC's due process rights under the Fourteenth Amendment of the United States Constitution and under the Nevada Constitution;

2. Alternatively, unless both GM LLC's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate GM LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Nevada Constitution;

3.  The claim of the Plaintiffs for punitive damages against GM LLC cannot be sustained because any award of punitive damages under Nevada law without bifurcating the trial of all punitive damages issues would violate GM's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Nevada Constitution;

4.  The claim of Plaintiffs for punitive damages against GM LLC cannot be sustained because an award of punitive damages under Nevada law subject to no pre-determined limit, such as a maximum multiple of compensatory damages or a maximum amount on the award of punitive damages that a jury could impose would violate GM LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Nevada Constitution;

5.  Plaintiffs' claim for punitive damages against GM LLC cannot be sustained because an award of punitive damages under Nevada law by a jury that: 1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; 2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; 3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including GM LLC's corporate status or financial condition; 4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; 5) goes beyond what is necessary or required to vindicate any interests of the State in contravention of the Due Process and Commerce Clauses; and 6) is not subject to judicial review on the basis of objective standards, would violate GM LLC's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 7 of the Constitution of the State of Nevada providing for due process and equal protection.

6.  The claim of Plaintiffs for punitive damages against GM LLC cannot be sustained because an award of punitive damages under Nevada law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Nevada law would violate GM

- 10 -

LLC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Nevada Constitution;

7. The claim of Plaintiffs for punitive damages against GM LLC cannot be sustained because an award of punitive damages under Nevada law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate GM LLC's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by the Nevada Constitution.

8. Any award of punitive damages based on anything other than GM LLC's alleged conduct regarding the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by the Nevada Constitution because any other judgment for punitive damages in this case cannot protect GM LLC against impermissible multiple punishment for the same wrong;

## NINETEENTH ADDITIONAL DEFENSE

Some of Plaintiffs claims, including without limitation the request for punitive damages, may be barred, preempted, and/or precluded by applicable federal law and/or by Orders, Judgments, and/or Decisions of the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court") entered in the bankruptcy case captioned In re Motors Liquidation Company, et al., Case No. 09-50026, which is pending before the New York Bankruptcy Court.

## TWENTIETH ADDITIONAL DEFENSE

Plaintiffs fail to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentations with respect to this Plaintiff.

Plaintiffs' claim for punitive damages against GM LLC is based on allegations of conduct that occurred in or before 2008, when the subject 2008 Chevrolet Express was designed, manufactured and assembled by General Motors Corporation.  GM LLC did not even exist at the

- 11 -

1  time the subject vehicle was designed, manufactured and assembled, and, therefore, could not
2  have acted, or failed to act, in a manner that could conceivably give rise to a claim for punitive
3  damages. As a result, GM LLC cannot be held liable for punitive damages based on its own
4  alleged conduct of the alleged conduct of another entity.

### TWENTY-FIRST ADDITIONAL DEFENSE

The plaintiffs' claim for punitive damages is barred under the Sale Order and Injunction entered by the Bankruptcy Court for the Southern District of New York. *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).[1]

### TWENTY-SECOND ADDITIONAL DEFENSE

GM LLC reserves the right to plead, allege and state any other defense that may be appropriate.

WHEREFORE, GM LLC requests the Court enter judgment:

1. Dismissing Plaintiffs' Complaint in its entirety;
2. Denying the relief requested by Plaintiffs;
3. Awarding GM LLC its costs and attorneys' fees; and
4. For other appropriate relief.

DATED this 14th day of March, 2017.

SNELL & WILMER L.L.P.

By: /s/ Alexandria Layton
Kelly A. Evans
Nevada Bar No. 7691
Jay J. Schuttert
Nevada Bar No. 8656
Alexandria L. Layton
Nevada Bar No. 14228
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorneys for Defendant GENERAL MOTORS LLC

---

[1] In accordance with the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, and approved by an Order dated July 5, 2009 from the Bankruptcy Court for the Southern District of New York, GM assumed only certain categories of liabilities for certain vehicles and parts sold by General Motors Corporation, which liabilities did not include punitive damages.

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On March 14, 2017, I caused to be served a true and correct copy of the foregoing DEFENDANT GENERAL MOTORS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

Craig K. Perry, Esq.
CRAIG K. PERRY& ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 8917

David E. Harris JR YA 11-2 Verified Petition Pending
Louis J. Cook LR 1A 11-2 Verified Petition Pending
SICO, HOELSCHER, HARRIS & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

*/s/ Faith B. Radford*
An Employee of Snell & Wilmer L.L.P.

4840-7183-1620

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

- 13 -